Booker, Appellant, vs. Pelkey and others, Respondents.

*October 11—November 8, 1922.*

*Fraud: Real-estate brokers: Misrepresentation of asking price of owner.*

1. Where there was an agreement between the owner of land and his agent that the agent could ask $7,500 for it, and that in the event of a sale at that price the owner was to be paid $6,500 and the agent was to receive as and for his commission $1,000, there was no misrepresentation of fact by the agent to the purchaser in stating that $7,500 was the amount the owner wanted for the property.

2. If the agent, without the consent of the owner, states as the asking price a sum not agreed upon or which is not in fact the owner's lowest price, a liability arises.

Appeal from a judgment of the circuit court for Oconto county: Chester A. Fowler, Judge. *Affirmed.*

Action for damages. This case was once before in this court and is reported in 173 Wis. 24, 180 N. W. 132. The facts alleged in the complaint are there set out, and we shall only restate such as are necessary to a decision of the questions presented here.

For the appellant there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *A. J. Whitcomb.*

For the respondents there was a brief by *Classon & O'Kelliher* and *John B. Chase,* all of Oconto, and oral argument by *Mr. V. J. O'Kelliher* and *Mr. Chase.*

Rosenberry, J. Upon the trial the case was submitted to the jury upon a special verdict, by which the jury found, first, that the defendant *Effie Pelkey* represented to plaintiff that $7,500 was the amount the owner of the farm and the personal property sold wanted for them. (Answered by direction of the court.) Second, that the representation so made was not false. The plaintiff claims that the answer to the second question is not supported by the evidence and

that upon the undisputed evidence the plaintiff is entitled to judgment for $2,000, and in the event that it be held he is not entitled to $2,000, then that he is entitled to judgment for $1,000. The jury having found in favor of the defendants, we must consider whether the evidence most favorable to the defendants warrants judgment for the plaintiff as claimed.

From the evidence the jury had a right to believe that it was agreed between *George Pelkey,* the owner, and *Sol. Pelkey,* who acted as agent, that *Sol. Pelkey* could ask $7,500 for the farm, and that in the event he received that amount the owner, *George Pelkey,* was to be paid $6,500 and *Sol. Pelkey* was to receive as and for his commission the sum of $1,000. *George Pelkey* denied that he ever offered the farm to any one for $5,500.

It is claimed that this evidence brings the case within *Estes v. Crosby,* 171 Wis. 73, 175 N. W. 933. See note in 8 A. L. R. 1383. As stated in the note referred to, it is difficult to deduce a general rule from the cases, but it is clear that there must be a misrepresentation of fact in order that a liability may be created. The rule does not prevent an owner and an agent from agreeing upon a price which shall be the asking price of the property to be sold and agreeing as to the division of the proceeds between the agent and the owner. If, as a matter of fact, there is an agreement between the agent and the owner as to the asking price and the price represented to the purchaser is the one agreed upon, there is no misrepresentation of fact and consequently no liability. We see no reason why the owner of the property may not agree with an agent as to the amount he desires net for his property, and that the difference between that and the agreed asking price shall be the commission of the agent; but where the agent, without the consent of the owner, states as the asking price a price not agreed upon or which is not in fact the owner's lowest price,

although represented to be such, a liability arises.    There is ample evidence to sustain the findings of the jury, and the judgment must be affirmed.

*By the Court.*—It is so ordered.